1  McGREGOR W. SCOTT
   United States Attorney
2  MELANIE L. ALSWORTH
   Assistant United States Attorney
3  Robert E. Coyle Federal Courthouse
   2500 Tulare Street
4  Fresno, CA 93721

5  (559) 497-4000

6  Attorneys for Plaintiff
   United States of America

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00193-NONE-SKO

12                      Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
12                 v.                       FINDINGS AND ORDER

13  DUSTIN MIGUEL,                          DATE: February 3, 2021
                                            TIME: 1 p.m.
14                      Defendant.          COURT: Hon. Sheila K. Oberto

15

16

17          This case is set for status conference on February 3, 2021.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency

20  under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this

21  Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a

22  date after May 1, 2021.[1]  This and previous General Orders, as well as the declarations of judicial

23  emergency, were entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record

27

28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14      The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24      In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27

28      _____
    [2] The parties note that General Order 612 acknowledges that a district judge may make
    "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
    Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 3, 2021.

2. By this stipulation, defendants and government now move to continue the status conference until May 5, 2021, and to exclude time between February 3, 2021, and May 5, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has produced the discovery associated to counsel and/or made it available for inspection and copying.  The government will provide any supplemental discovery it receives after it has been reviewed and processed.

b) Counsel for defendant needs additional time to review the discovery and plea agreement with his client, to evaluate the amount of restitution claimed/owed, to research and prepare any pretrial motions, and to otherwise prepare for trial.

c) The defendant agrees and stipulates that time should be excluded for the aforementioned reasons.  The government agrees and stipulates to the requested date.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 3, 2021 to May 5, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 25, 2021                          McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ MELANIE L. ALSWORTH
                                                 MELANIE L. ALSWORTH
                                                 Assistant United States Attorney

Dated:  January 25, 2021                          /s/ MICHAEL McKNEELY
                                                 MICHAEL McKNEELY
                                                 Counsel for Defendant
                                                 DUSTIN MIGUEL


**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **January 25, 2021**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE